IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILBERT WALKER | § | |
| v. | § | CIVIL ACTION NO. 9:06cv76 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Wilbert Walker, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Walker states that he was convicted of possession of a controlled substance on January 8, 2004, receiving a sentence of 25 years in prison. His conviction was affirmed by the Twelfth Judicial District Court of Appeals on July 29, 2005. Walker did not seek discretionary review from this decision, but filed a state habeas corpus proceeding on November 28, 2005. This application was denied by the Texas Court of Criminal Appeals on March 15, 2006, and Walker thereupon sought federal habeas corpus relief.

In his petition, Walker says that there was insufficient evidence to support his conviction because the arrest and search were unlawful and there was no affirmative link between himself and the controlled substance found in the vehicle. He also says that he was denied effective assistance of counsel.

The Magistrate Judge ordered the Respondent to answer the petition, and to furnish copies of the state court records. Walker filed a response to the answer.

After review of the pleadings and records in the case, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded that sufficient evidence existed to support the conviction and that Walker had failed to show that the decision by the Texas state courts denying relief was contrary to or involved an unreasonable application of clearly established law, nor that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2000). The Magistrate Judge further determined that Walker failed to show that he had received ineffective assistance of counsel.

Walker filed objections to the Magistrate Judge's Report on April 11, 2007. In his objections, Walker says first that his legal efforts are hampered by the fact that he can neither read nor write. He states that a videotape existed of the traffic stop in question, but that the state district court did not subpoena it. He asks that the federal court issue a subpoena mandating that the Crockett, Texas police department turn over the videotape to the Court, and says that he is attempting to obtain an affidavit from Nathan Gardner, whom he identifies as an employee of the City of Crockett, whom he says has viewed the tape and has "relayed through a third party its existence and relevance." Walker therefore asks for a continuance in order to accomplish this.

Walker's objections are unavailing. Even were the videotape obtained, the Court could not consider it in the instant proceeding because it would have to be presented to the state courts first. A state prisoner must exhaust all available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. 2254(b) & (c); *see* Satterwhite v. Lynaugh, 886 F.2d 90, 92 (5th Cir. 1989). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. Picard v. Connor, 404 U.S. 270 (1981). Further, it is necessary for the claim presented to the federal court to have first been presented to and ruled on by the *highest* state court, which in Texas is the Court of Criminal Appeals. Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).

In this regard, it should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state courts.  <u>Dispensa v. Lynaugh</u>, 847 F.2d 211, 217 (5th Cir. 1987).

Thus, should Walker obtain a copy of the videotape, he must present his claims to the state courts first.  Should he do so, and the state courts deny relief, he would then have the option of seeking leave from the Fifth Circuit Court of Appeals to file a successive habeas corpus petition based upon newly discovered evidence.  However, this Court, the district court, cannot consider the videotape in the present case, even were this tape discovered, because the state courts must first be given the opportunity of ruling on the matter.  For this reason, Walker's objections, including his request for a continuance, are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this cause, including the Petitioner's pleadings, the answer filed by the Respondent, the Petitioner's reply thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, records, and documents in the case.  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **April, 2007.**

_____
Ron Clark, United States District Judge